UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RENANDO RAMIREZ,

      Movant,

v.                                                                          Case No. 1:04-CV-729

UNITED STATES OF AMERICA,                              HON. GORDON J. QUIST

      Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Movant Renando Ramirez' Objections to the report and recommendation dated April 19, 2006, in which Magistrate Judge Brenneman recommended that Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied. The magistrate judge found that Movant never instructed his counsel to file an appeal and that Movant failed to establish that his wife attempted to contact defense counsel to have her file an appeal. Specifically, the magistrate judge noted that Movant's counsel failed to explain in her affidavit how she learned that Petitioner's wife attempted to contact her and that Movant failed to submit an affidavit from himself or his wife to establish both their arrangements to contact counsel and when Movant's wife allegedly attempted to contact counsel. The magistrate judge thus concluded that "there is no basis to view this case as involving a *per se* Sixth Amendment violation due to counsel's failure to perfect a direct appeal upon movant's request." (Report & Recommendation at 6.) He therefore analyzed the facts as a situation involving no consultation and concluded that there was no Sixth Amendment violation because: (1) Movant had no nonfrivolous grounds to appeal and he did not reasonably demonstrate to counsel that he was interested in appealing; and (2) Movant failed to show prejudice by his counsel's failure to appeal. After

conducting a <u>de novo</u> review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Movant's objections focus on the magistrate judges's determination that Movant failed to provide some basis to show that Movant either instructed his wife to contact counsel or that his wife actually attempted to contact counsel.[1]  Movant argues that a hearing is warranted because his own allegations show that his wife attempted to contact counsel.  Alternatively, he requests the opportunity to expand the record to provide more factual support for this allegation.  The Court concludes that the magistrate judge was correct to conclude that Movant failed to support his allegations with some sort of proof that he instructed his wife to contact counsel or that his wife actually attempted to contact counsel.  Furthermore, as the Government notes in its response to Movant's objection, in its response to Movant's motion, the Government pointed out that Movant's counsel's affidavit did not state the basis for her "understanding" and likely was based upon hearsay from Movant or his wife.  The Government also pointed out Movant's failure to submit an affidavit from his wife or some other evidence (such as telephone records) to establish when his wife attempted to contact counsel, which would be important because of the short ten-day period for filing an appeal.  Movant had ample time before the magistrate judge issued his report and recommendation to file supplemental materials establishing that his wife made, or attempted to make, a timely request that his counsel file an appeal but, even with notice of the Government's objections, he failed to do so.  Accordingly, the Court concludes that Movant is not now entitled to expand the record.

---

[1]Movant does not take issue with the magistrate judge's conclusions that Movant failed to demonstrate the existence of a nonfrivolous issue for appeal and that he failed to demonstrate prejudice.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Movant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Movant's claim under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Movant's claim was debatable or wrong. Therefore, the Court will deny Movant a certificate of appealability.

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued April 19, 2006 (docket no. 7) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (docket no. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

This case is **concluded**.

Dated: July 28, 2006                                           /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE